IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROY A. TOWNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 17-cv-02626-SHM-tmp |
| | ) |
| MEMPHIS/SHELBY COUNTY | ) |
| HEALTH DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

Before the court is defendant Memphis/Shelby County Health Department's ("Shelby County") Partial Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction, filed on January 16, 2018.[1] (ECF No. 21.) *Pro se* plaintiff Roy Towns filed a response in opposition, and Shelby County replied. (ECF Nos. 22 & 23.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the undersigned recommends that: (1) Shelby County's first motion to dismiss (ECF No. 18) be

---

[1]The court did not specifically grant Towns leave to file an amended complaint. However, because Towns is appearing *pro se* and Shelby County has both answered the amended complaint and filed the instant motion, the undersigned will deem the amended complaint as the operative complaint.

dismissed as moot; (2) Towns's Amended Complaint (ECF No. 19) be deemed the operative complaint; (3) Shelby County's Partial Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction (ECF No. 21) be granted; and (4) paragraphs 9(yy) through 9 (llll) of the Amended Complaint be dismissed for failure to state a claim on which relief can be granted.

### I. PROPOSED FINDINGS OF FACT

On January 5, 2018, Towns filed a p*ro se* Amended Complaint alleging employment discrimination based upon gender and race, and retaliation after engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 ("Title VII"). (ECF No. 19.) At all relevant times, Towns was employed by defendant Shelby County Health Department as an Environmentalist. (Id. at 3.) Towns attached an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("EEOC Charge") and a "Right to Sue" letter in support of his Amended Complaint. (ECF Nos. 19-1; 19-2.) The Amended Complaint specifically asserts that Towns was subjected to ongoing discrimination and retaliation between July 1, 2012, and October 27, 2015 when he was (1) accused of insubordination on multiple occasions after filing an EEOC complaint, and (2) harassed because of his race and gender on multiple occasions. (ECF No. 19 at 3-6.) These allegations are, for the most part, reflected in the EEOC Charge. (ECF No. 19-1.) Beginning at

- 2 -

paragraph 9(yy), the Amended Complaint details charges that Towns previously asserted, including claims listed in a separate EEOC charge against the Tennessee Department of Agriculture. (Id. at 7.)  That EEOC charge is not attached to the Amended Complaint, nor is the Tennessee Department of Agriculture named as a defendant in this suit.  (ECF No. 19 at 7-12.)  It appears that the allegations described in paragraphs (9)(yy) through (llll) of the Amended Complaint either relate to previous EEOC complaints, or to a separate lawsuit that plaintiff has filed in this court.  See Towns v. Tennessee Dep't of Agriculture, 2:17-cv-02603-SHM-tmp (W.D. Tenn Aug. 18, 2017).  In any event, the allegations listed in paragraphs (9)(yy) through (llll) of the Amended Complaint are not described in the EEOC Charge attached to the Amended Complaint.

Shelby County argues that because the allegations contained in paragraphs (9)(yy) through (llll) of the Amended Complaint were not included in the EEOC charge at issue here, the court lacks subject matter jurisdiction over that portion of the complaint.  (ECF No. 21-1 at 4.)  Towns responds that the Amended Complaint refers to his prior history of filing EEOC complaints, that Shelby County colluded with the Tennessee Department of Agriculture to discriminate against him, and that the attached EEOC Charge includes a reference to his prior EEOC charges.  (ECF No. 22 at 2-4.)

## II.   PROPOSED CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a claim for lack of subject matter jurisdiction.  If a court determines, at any time, that it lacks subject matter jurisdiction, "the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The Sixth Circuit had previously interpreted Title VII's requirement that an allegation be included in an EEOC charge as jurisdictional. See, e.g., Ang v. Procter & Gamble Co., 932 F.2d 540, 545 (6th Cir. 1991).  However, this view has been rejected in light of the Supreme Court's holding in Arbaugh v. Y & H Corp., 546 U.S. 500 (2006).  See Hill v. Nicholson, 383 F. App'x 503, 508 (6th Cir. 2010); see also Waggoner v. Carlex Glass Am., LLC, 682 F. App'x 412, 416-17 (6th Cir. 2017) (recognizing Hill's abrogation of Ang).

Nonetheless, pursuant to Federal Rule of Civil Procedure 12(b)(6), this court may dismiss a claim if a Title VII plaintiff fails to exhaust his or her available administrative remedies with the EEOC.  42 U.S.C. 2000e-5; Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010); see also McKnight v. Gates, 282 F. App'x 394, 397 n.2 (6th Cir. 2008); Tartt v. Tenn. Health Mgmt, Inc., No. 17-cv-2639-JPM-tmp, 2018 WL 1146641, at *3-4 (W.D. Tenn. Feb. 9, 2018), *report and recommendation adopted*, 2018 WL 1146393.  Under certain

circumstances, the Sixth Circuit allows a plaintiff to file a complaint in federal court with claims not explicitly included in a previous administrative charge, provided those claims are "reasonably expected to grow out of the charge of discrimination." Davis v. Sodexho, Cumberland Coll. Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998) (internal quotations omitted). For this exception to apply, the plaintiff must allege sufficient facts in his EEOC charge "to put the EEOC on notice of the other claim . . . ." Spengler v. Worthington Cylinders, 615 F.3d 481, 490 (6th Cir. 2010).

In the interest of judicial efficiency, the court will consider Shelby County's argument regarding Towns's failure to exhaust his administrative remedies under Federal Rule of Civil Procedure 12(b)(6). See McKnight, 282 F. App'x at 397 n.2. The court has reviewed and liberally construed the allegations contained in Towns's Amended Complaint and his response to Shelby County's motion. It appears that Towns is attempting to allege that, prior to an audit of Shelby County employees by the Tennessee Department of Agriculture, Shelby County provided the Tennessee Department of Agriculture with information concerning Towns's previous workplace complaints, including his previous EEOC charges. Towns argues that his subsequent failure of the Tennessee Department of Agriculture's audit was a product of illegal collusion and a violation of Title VII. Thus, Towns

- 5 -

appears to allege that he was subjected to illegal retaliation in violation of Title VII.

However, Towns never made this specific allegation – that his failed audit was the result of illegal retaliation - in the relevant EEOC Charge.  The EEOC Charge in this case includes only one passing reference to the audit.  That reference, in its entirety, states "[o]n October 15, 2015, I received a verbal warning pursuant to a failed State audit in which I was selected to be audited."  (ECF No. 1-1 at 3.)  Nowhere in the EEOC Charge does Towns allege that Shelby County informed the Tennessee Department of Agriculture of his previous EEOC charges.  Nowhere in the EEOC Charge does Towns state that the failed audit was a result of collusion by Shelby County and the Tennessee Department of Agriculture.  Nor does the EEOC Charge include, at any point, any reference to the other allegations that Towns lists in paragraphs 9 (yy) through 9 (llll) of the Amended Complaint.  The most liberal construction of Towns's description of the audit in the EEOC Charge is that he received a verbal warning because he failed the audit, not because of any retaliation for filing workplace complaints with the EEOC or otherwise.

The claims that Towns asserts in these paragraphs refer to a separate entity – the Tennessee Department of Agriculture – and separate, previously-filed EEOC charges which

are not included in the EEOC Charge at issue here. Based on this review, the undersigned submits that the facts presented in the present EEOC Charge are insufficient to put the EEOC on notice of the claims Towns now asserts in paragraphs 9(yy) through 9(llll) of the Amended Complaint. See Spengler, 615 F.3d at 490; Davis, 157 F.3d at 463. Accordingly, because Towns has failed to exhaust his administrative remedies with respect to these claims, they must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. RECOMMENDATION

Based on the foregoing, the court recommends that: (1) Shelby County's first motion to dismiss (ECF No. 18) be dismissed as moot; (2) Towns's Amended Complaint (ECF No. 19) be deemed the operative complaint; (3) Shelby County's Partial Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction (ECF No. 21) be granted; and (4) paragraphs 9(yy) through 9 (llll) of the Amended Complaint be dismissed.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

April 25, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**