IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROY A. TOWNS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 2:17-cv-02626-SHM-tmp |
| | ) |
| MEMPHIS/SHELBY COUNTY HEALTH | ) |
| DEPARTMENT, | ) |
| | ) |
|     Defendant. | ) |

ORDER

Before the Court is the Magistrate Judge's Report and Recommendation, dated April 25, 2018 (the "Report"). (ECF No. 26.) The Report recommends that:

> (1) [Defendant Memphis/Shelby County Health Department's] first motion to dismiss (ECF No. 18) be dismissed as moot; (2) [Plaintiff Roy A. Towns's] Amended Complaint (ECF No. 19) be deemed the operative complaint; (3) [Defendant's] Partial Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction (ECF No. 21) be granted; and (4) paragraphs 9(yy) through 9 (llll) of the Amended Complaint be dismissed.

(Id. at 717.)  Neither party has objected to the Report.

For the following reasons, the Report is ADOPTED. Defendant's Motion to Dismiss is DENIED AS MOOT, and Defendant's Partial Motion to Dismiss Amended Complaint is GRANTED. The allegations in paragraphs 9(yy) through 9(llll) of the Amended Complaint are DISMISSED.

## I. Background

On August 25, 2017, Plaintiff filed a *pro se* Complaint alleging gender discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 200e-17 ("Title VII"). (ECF No. 1.)

Also on August 25, 2017, Plaintiff applied to proceed *in forma pauperis*. (ECF No. 2.) On September 18, 2017, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 7.)

On December 18, 2017, Defendant filed a Motion to Dismiss. (ECF No. 18; see also ECF No. 18-1.) The Motion to Dismiss argues that the Court should dismiss several of the allegations in Plaintiff's Complaint for lack of subject matter jurisdiction. (ECF No. 18-1 at 359-61.)

On January 5, 2018, Plaintiff filed an Amended Complaint. (ECF No. 19.) The Amended Complaint alleges race discrimination, gender discrimination, and retaliation in violation of Title VII. (Id. at 364.) The Amended Complaint alleges that between July 1, 2012, and October 27, 2015, Plaintiff, an environmentalist employed by Defendant, experienced discrimination and retaliation when "a female employee was given [Plaintiff's] zone," "Plaintiff was transferred to a new zone . . . and he had to learn a new zone," "Plaintiff was harassed when [he was] told that [he] had a turn-around time of two hours to submit re-

2

ports," "Plaintiff was issued reprimands," "Plaintiff was later accused of insubordination," "Plaintiff was denied sick leave," "Plaintiff's department's quota increased," and "Plaintiff was followed by Defendant (Mays, Manager) and asked about work." (Id. at 366-68.) Those allegations are included in an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination and Right to Sue Notice that is attached to Plaintiff's Amended Complaint. (ECF Nos. 19-1, 19-2.)

The Amended Complaint also alleges discrimination and retaliation related to a Charge of Discrimination filed by Plaintiff on December 11, 2015. (ECF No. 19 at 369.) The allegations in paragraph 9(yy) through paragraph 9(llll) of the Amended Complaint refer to a "charge of Discrimination [filed] with the EEOC [in] December 2015" complaining of "verbal sexual discrimination and harassment [by] 2 female Managers in July 2009." (Id. at 270.) The allegations in those paragraphs are not described in the EEOC Charge attached to the Amended Complaint.

On January 16, 2018, Defendant filed its Partial Motion to Dismiss Amended Complaint. (ECF No. 21; see also ECF No. 21-1.) The Partial Motion to Dismiss argues that "the Court lacks subject matter jurisdiction over the allegations set out in Paragraphs 9(yy-llll) of the Amended Complaint." (ECF No. 21-1 at

3

695.)  Plaintiff responded on February 12, 2018.  (ECF No. 22.)
Defendant replied on February 16, 2018.  (ECF No. 23.)

On April 25, 2018, United States Magistrate Judge Tu M. Pham entered the Report.  (ECF No. 26.)  The Report reasons that, because the EEOC Charge attached to the Amended Complaint does not make "any reference to the other allegations that [Plaintiff] lists in paragraphs 9 (yy) through 9 (llll) of the Amended Complaint," those allegations "must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6)."  (Id. at 716-17.)

**II. Analysis**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges.  See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003).  A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion."  28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral.  28

4

U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Neither party has objected to the Report, and the deadline to do so under Local Rule 72.1 has passed. See also 28 U.S.C. § 636(b)(1)(C). Adoption of the Report's recommendations is warranted. See Arn, 474 U.S. at 150-51.

### III. Conclusion

For the foregoing reasons, the Report is ADOPTED. Defendant's Motion to Dismiss is DENIED AS MOOT. Defendant's Partial Motion to Dismiss Amended Complaint is GRANTED. Paragraphs 9 (yy) through 9 (llll) of the Amended Complaint are DISMISSED.

So ordered this 4th day of June, 2018.

                                            /s/ Samuel H. Mays, Jr.
                                            SAMUEL H. MAYS, JR.
                                            UNITED STATES DISTRICT JUDGE