```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```

| | |
|---|---|
| ROY A. TOWNS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 17-cv-02626-SHM-tmp |
| | ) |
| MEMPHIS/SHELBY COUNTY | ) |
| HEALTH DEPARTMENT, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the court is defendant Shelby County's (incorrectly identified as Memphis/Shelby County Health Department) Motion for Summary Judgment. (ECF No. 46.) *Pro se* plaintiff Roy A. Towns responded in opposition. (ECF No. 50.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, the undersigned recommends that the motion be denied.

### I.    PROPOSED FINDINGS OF FACT

Towns brings claims against Shelby County for employment discrimination based upon gender and race, and retaliation after engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 ("Title VII"). (ECF No. 19.) The court granted Towns leave to proceed *in forma*

*pauperis* ("IFP"). (ECF No. 7.) This court's IFP application requires that an applicant disclose all "Assets owned by you or your spouse." In his IFP application, Towns listed one vehicle, a Cadillac 200 DTS, and did not list a house.[1] (ECF No. 2 at 3.) Shelby County subsequently deposed Towns, where he testified that he is about 10 years into paying off a 30-year mortgage on a house valued at "above $130,000." (ECF No. 46-4 at 9.) Towns also testified that he owns a Lexus 350 in addition to the Cadillac DTS. (Id. at 10.)

Shelby County then filed the present motion for summary judgment, arguing that Towns's allegation of poverty is untrue and was made intentionally and in bad faith. (ECF No. 46 at 3-4.) In response, Towns asserts that he "does not consider his home of residence as an asset that he owns because the house has not been paid in full." (ECF No. 50 at 2.) Towns also asserts that he listed his mortgage payment as an expense as required. (Id.) Towns makes the same argument as to the Lexus – he did not list it as an asset because he does not own it in full, but he did include the monthly payments and vehicle insurance payment as expenses. (Id. at 3.) Towns also asserts that the Cadillac DTS is currently inoperable, the Lexus is a used 2010

---

[1] Towns also filed an identical IFP application in a separate, related lawsuit against the Tennessee Department of Agriculture. See ECF No. 2, Towns v. Tennessee Dep't of Ag., No. 2:17-cv-02603-SHM-tmp (W.D. Tenn. Aug. 18, 2017).

model and that he shares use of the Lexus with his son. (Id. at 3-4.) Towns finally states that he completed his IFP application "honestly, accurately based on his memory, and completely to the best of his knowledge." (Id. at 4.)

## II.  PROPOSED CONCLUSIONS OF LAW

Twenty-eight U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an IFP affidavit. However, "the court shall dismiss the case at any time if the court determines that— (A) the allegation of poverty is untrue[.]" 28 U.S.C. § 1915(e)(2)(A). Previously, a court had discretion to dismiss a case if it determined that an allegation of poverty was untrue; however, the Prison Litigation Reform Act amended § 1915 to add the mandatory "shall dismiss" language. Pub. L. 104-134 § 804; see also Thomas v. Gen. Motors Acceptance Corp., 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."). While dismissal is mandatory when the allegations of poverty are untrue, "'[n]ot every inaccuracy in an affidavit of poverty, no matter how minimal, should be construed as a false allegation of poverty so as to cause loss of in forma pauperis eligibility and dismissal of the complaint.'" Robinson v. Koch Foods of Alabama, No. 2:13-cv-557-WKW, 2014 WL 4472609, at *2 (M.D. Ala. Sept. 1, 2014) (quoting Camp v. Oliver, 798 F.2d 434, 438 n.3 (11th Cir.

1986)). If the court determines that the allegation of poverty is untrue, the court then considers whether to dismiss the case with or without prejudice. See Jones v. Mich. Dep't of Human Servs., No. 12-14466, 2013 WL 640771, at *1 (E.D. Mich. Feb. 21, 2013) ("'[A] district court has the discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty.'") (quoting Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990)).

Towns's IFP application is not completely accurate: he has now revealed that he owns a house and a vehicle that he did not disclose in his IFP application. But this inaccuracy does not necessarily mandate dismissal. See Robinson, 2014 WL 4472609, at *2. Towns did indicate that he paid real estate taxes and property insurance by checking the "Yes" box on the IFP application. He also disclosed the total amount of his monthly mortgage payment (the IFP application does not specifically request that an applicant identify whether his monthly housing payment is for rent or for a mortgage). On the record presently before the court, there is insufficient evidence to conclude that Towns's IFP application is untrue. See, e.g., Jones, 2013 WL 640771, at *1 (explaining that the purpose of 28 U.S.C. 1915(e)(2)(A) "'is to weed out litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net

- 4 -

worth.'") (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).  Moreover, even if Towns had included the value of his home and vehicle on the IFP application, the court would have likely granted his request to proceed IFP.  Although Towns should have provided more information about his residence and vehicle, the inaccuracies in the IFP application are not so egregious as to warrant dismissal of this case.

### III. RECOMMENDATION

For these reasons, the undersigned recommends that Shelby County's Motion for Summary Judgment be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 11, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**