IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ROY A. TOWNS, | ) | |
| Plaintiff, | ) | |
| | ) | No. 17-2626 |
| v. | ) | |
| MEMPHIS/SHELBY COUNTY HEALTH DEPARTMENT, | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (the "Report"), dated December 11, 2018. (ECF No. 51.) The Report recommends denying Defendant Shelby County's (incorrectly identified as Memphis/Shelby County Health Department in the caption) November 9, 2018 Motion for Summary Judgment. (ECF No. 46.) Shelby County filed an objection on December 21, 2018. (ECF No. 52.) Plaintiff Roy A. Towns has not filed an objection or responded to Shelby County's objection, and the time to do so has passed. See L.R. 72.1(g)(2).

For the following reasons, the Report is ADOPTED, and Shelby County's objection is OVERRULED.

## I. Background

Towns works for the Shelby County Health Department as an environmentalist in its Environmental Health and Food Safety Division. (See Am. Compl., ECF No. 19 ¶¶ 2, 3.) He alleges that he suffered employment discrimination based on sex and race, and that Shelby County retaliated against him for protected activity under Title VII, 42 U.S.C. § 200e-16. (See generally id.)

On August 25, 2018, Towns filed an application to proceed in forma pauperis ("IFP"). (ECF No. 2.) The Magistrate Judge granted Towns's application. (ECF No. 7.)

On November 9, 2018, Shelby County moved for summary judgment. (ECF No. 46.) It argued that Towns's case should be dismissed because he misrepresented his assets on his IFP application. (See ECF No. 46-1 at 892.) Specifically, Shelby County contended that Towns failed to list two assets that he acknowledged owning at his deposition: (1) a house worth over $130,000; and (2) a second car. (Id.) Citing 28 U.S.C. § 1915(e)(2), Shelby County argued that Towns's allegation of poverty was untrue, and that the court must dismiss Towns's case. (Id.)

In response, Towns represented that he continues to owe mortgage and car payments on his house and second car. (See ECF No. 50 at 919.) He represented that he did not list his house and second car as assets because "he does not consider [himself to] actually own[] a vehicle and house" on which he still owes payments. (Id. at 921.) Towns contended that his case should not be dismissed because he completed the application "honestly, accurately based on his memory, and completely to the best of his knowledge." (Id.)

The Magistrate Judge determined that Towns's IFP application was inaccurate, but that dismissal was not warranted. (See Report, ECF No. 51 at 939–41.) The Report explains that, although dismissal is mandatory when an allegation of poverty is discovered to be untrue, "'[n]ot every inaccuracy in an affidavit of poverty, no matter how minimal, should be construed as a false allegation of poverty so as to cause loss of in forma pauperis eligibility and dismissal of the complaint.'" (Id. at 939 (quoting Robinson v. Koch Foods of Ala., No. 2:13-cv-557-WKW, 2014 WL 4472609, at *2 (M.D. Ala. Sept. 1, 2014)) (internal quotation omitted).) The Magistrate Judge concluded "that the inaccuracies in [Towns's] IFP application are not so egregious as to warrant dismissal of this case," (id. at 941), and denied Shelby County's Motion for Summary Judgment (id.).

3

## II. Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003).

For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review -- under a de novo or any other standard -- those aspects of the report and recommendation to which no objection is made. See Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. Id. at 151.

## III. Analysis

Shelby County objects to the Magistrate Judge's conclusion that the inaccuracies in Towns's IFP application do not require dismissal of this case. (See ECF No. 50 at 943.) Shelby County argues that Towns intentionally misrepresented the assets in his

4

IFP application, and that, as a consequence, "dismissal with prejudice is warranted and appropriate." (Id.) Shelby County makes no objection to the Magistrate Judge's findings of fact. Those findings are ADOPTED. See Arn, 474 U.S. at 147.

To qualify for IFP status, a non-prisoner litigant must submit an affidavit stating he is unable to pay the filing fee and listing his assets. See 28 U.S.C. § 1915(a)(1). Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2). That section "serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth.'" Vann v. Comm'r of the N.Y. Dep't of Corr., 2012 WL 4010492, at *2 (2nd Cir. Sept. 13, 2012) (quoting Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997)).

In his IFP application, Towns represented that he had a monthly income of $3,400, and that his monthly expenses totalled $3,076. (ECF No. 2 at 309, 312—13.) He represented that he had no money in his bank account and no other cash savings. (See id. at 310.) He supports one dependent child. (See id. at 309.) Although Towns failed to list his home as an asset, he did disclose that he pays $1,013 in mortgage installments, property

5

insurance, and real estate taxes each month. (See id. at 312.) Towns represents that he did not list his home as an asset because he has not finished paying the mortgage. (See ECF No. 50 at 919.) Shelby County contends that Towns's "omission[] was intentional" because Towns could not have correctly listed the monthly costs that attend home ownership while inadvertently failing to list the home itself as an asset. (See ECF No. 52 at 943.)

The parties make similar arguments about Towns's used 2010 Lexus. Shelby County argues that Towns's failure to list his car among his assets shows Towns intentionally misrepresented his finances. (See id.) Towns contends that he did not list the car because he does not fully own it, but that he did list his monthly car payments and vehicle insurance payments as expenses. (See ECF No. 50 at 920.)

The Magistrate Judge did not interpret Towns's failure to list his house and car as an attempt to deceive, and the Court agrees. If Towns had been trying to intentionally conceal ownership of his house and car, as Shelby County argues, it is unlikely he would have disclosed the mortgage, car, and insurance payments that imply ownership of a house and car. Absent other evidence, the Court cannot conclude that Towns intentionally concealed assets on his IFP application.

Assuming Towns's omissions were intentional, the Court cannot conclude that Towns's allegation of poverty is "untrue." 28 U.S.C. § 1915(e)(2). The Court agrees with the Magistrate Judge's assessment that, "even if Towns had included the value of his home and vehicle on the IFP application, the court would have likely granted his request to proceed IFP." (Report, ECF No. 51 at 941.)

Shelby County's objection is OVERRULED.

**IV. Conclusion**

For the foregoing reasons, the Report is ADOPTED, and Shelby County's objection is OVERRULED.


So ordered this 18th day of January, 2019.

                                        /s/ *Samuel H. Mays, Jr.*
                                        Samuel H. Mays, Jr.
                                        UNITED STATES DISTRICT JUDGE