IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROY A. TOWNS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 17-cv-02626-SHM-tmp |
| | ) |
| MEMPHIS/SHELBY COUNTY | ) |
| HEALTH DEPARTMENT, | ) |
| | ) |
|     Defendant. | ) |

**REPORT AND RECOMMENDATION**

Before the court is defendant Memphis/Shelby County Health Department's ("Shelby County") Motion for Judgment on the Pleadings, filed on July 24, 2018.[1] (ECF No. 28.) *Pro se* plaintiff Roy Towns filed a response on August 20, 2018 (ECF No. 29), and Shelby County replied on September 4, 2018 (ECF No. 31). For the following reasons, it is recommended that the motion be granted.

**I. PROPOSED FINDINGS OF FACT**

On January 5, 2018, Towns filed a *pro se* amended complaint alleging employment discrimination based upon gender and race, and retaliation after engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, 42

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

U.S.C. § 2000e-16 ("Title VII"). (ECF No. 19.) Towns, who is African-American, has been employed by Shelby County as an Environmentalist since May 2005. (Id. at 3.) Towns attached an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("EEOC Charge") and a "Right to Sue" letter to his amended complaint. (ECF Nos. 19-1; 19-2.) Towns alleges that he was subjected to ongoing discrimination and retaliation between July 1, 2012, and October 27, 2015, when he was (1) accused of insubordination on multiple occasions after filing an EEOC complaint; (2) harassed because of his race and gender on multiple occasions; and (3) threatened and harassed after engaging in protected activity. (ECF No. 19 at 3-7.)

These allegations are, for the most part, reflected in the EEOC Charge. (ECF No. 19-1.) However, beginning at paragraph 9(yy), the amended complaint describes charges that Towns previously asserted, including claims listed in a separate EEOC charge against the Tennessee Department of Agriculture. (Id. at 7.) That EEOC charge is not attached to the amended complaint, nor is the Tennessee Department of Agriculture named as a defendant in this suit. (ECF No. 19 at 7-12.) Shelby County previously moved to dismiss Paragraphs (9)(yy) through (9)(llll) of the amended complaint, arguing that the allegations in those paragraphs were not described in the EEOC Charge attached to the amended complaint. (ECF No. 21.) On that basis, the

- 2 -

undersigned recommended granting Shelby County's motion (ECF No. 26), and the presiding district judge subsequently adopted the recommendation (ECF No. 27).

In the amended complaint, Towns alleges that Shelby County discriminated and retaliated against him from December 2012 until October 2015. (ECF No. 19 at 3-7 ¶ 9(a)-(uu).) Several of these alleged instances of discrimination and retaliation occurred between December 2012 and December 2014. (Id. at 4-5 ¶ 9(m)-(ee).) For example, Towns contends that he was subjected to sex discrimination in July 2012, when Shelby County gave his zone to a female employee and subsequently reassigned him to a new zone. (Id. at 4 ¶ 9(m)-(n).) Towns also alleges that he was threatened after internally reporting sex discrimination in February 2014. (Id. at 5 ¶ 9(w)-(x).) And he was disciplined in 2014 for approved Family and Medical Leave Act ("FMLA") use, while Towns's female co-worker was not disciplined for her FMLA use. (Id. at 5 ¶ 9(y)-(z).)

Towns's remaining allegations of discrimination and retaliation occurred between January and October 2015. For example, Towns contends that his department, which was comprised of all African-American employees and one white employee, was subjected to "a 20% quota," whereas the white employees who worked for the department "on the fourth floor" did not have to meet this quota. (Id. at 3-4 ¶ 9(i)-(l).) Towns asserts that

- 3 -

this quota increased on February 20, 2015, and the employees within Towns's department now had to leave thirty minutes early for work, whereas the fourth-floor employees were not required to leave early.  (Id. at 5-6 ¶ 9(gg)-(hh).)  Towns also alleges that on July 23, 2015, he complained to Shelby County about a female employee who had a gun at work and another female employee who had an image of a nude male on her computer screen.  (Id. at 6 ¶ 9(ll)-(mm).)  Further, Towns contends that on September 10, 2015, a female employee interrupted him during a meeting and he was disciplined for telling that employee not to interrupt him, while the female employee was not disciplined for her outburst.  (Id. at 6 ¶ 9(oo)-(qq).)  Finally, Towns alleges that he was selected for an unspecified audit and, on October 15, 2015, he was issued a verbal warning for failing that audit.  (Id. at 7 ¶ 9(tt)-(uu).)

Presently before the court is Shelby County's Motion for Judgment on the Pleadings.  (ECF No. 28.)  Shelby County initially argues that Paragraphs 9(m)-(ee) of the amended complaint should be dismissed as untimely.  (ECF No. 28-1 at 3-4.)  In addition, it argues that Towns has not pleaded an actionable sex or race discrimination claim.  (Id. at 4, 8.)  Shelby County further asserts that Towns has not pleaded any retaliatory conduct and therefore fails to plead an actionable retaliation claim.  (Id. at 6-7.)  Finally, Shelby County argues

- 4 -

that Towns is not entitled to punitive damages or attorney's fees. (Id. at 10.) In response, Towns argues that the amended complaint "not only meets but exceeds the standards governing the form of a complaint required by Federal Rule of Civil Procedure 8(a)." (ECF No. 29 at 1.) Towns asserts that a Title VII plaintiff need not establish a *prima facie* case to survive a motion to dismiss. (Id. at 5-6.)

## II. PROPOSED CONCLUSIONS OF LAW

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard of review for a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as the standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Rose v. Cent. USA Wireless, LLC, No. 17-cv-2673, 2018 WL 2656767, at *3 (W.D. Tenn. June 4, 2018) (citing Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 279 (6th Cir. 2009)). "When ruling on a defendant's motion to dismiss on the pleadings, a district court 'must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" Kottmyer v. Maas, 436 F.3d 684, 689 (6th Cir. 2006) (quoting Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512

- 5 -

(6th Cir. 2001)). "To survive a Rule 12(c) motion, the 'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Engler v. Arnold, 862 F.3d 571, 575 (6th Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A motion for judgment on the pleadings "should be granted when there is no material issue of fact and the moving party is entitled to judgment as a matter of law." Guy v. Spader Freight Servs., No. 17-2038, 2017 WL 6939377, at *2 (6th Cir. Oct. 18, 2017).

The court recognizes that Towns is a *pro se* plaintiff, and *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading. See Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted).

A. **Timeliness of Towns's Allegations in Paragraphs 9(m)-(ee)**

"Generally, the timely filing of a charge of discrimination with the EEOC is a condition precedent to a Title VII lawsuit." Alexander v. Local 496, Laborers' Int'l Union of N. Am., 177

F.3d 394, 407 (6th Cir. 1999). "Pursuant to the statutory language of Title VII, the applicable statute of limitations begins to run from the date of 'the alleged unlawful employment practice[.]'" Sam Han v. Univ. of Dayton, 541 F. App'x 622, 627 (6th Cir. 2013) (quoting 42 U.S.C. § 2000e-5(e)(1)). Ordinarily, "[i]f the alleged discrimination occurred more than 180 days before the plaintiff files an EEOC charge, claims based on that discrimination are barred." Turner v. City of Memphis, No. 2:17-cv-2447, 2018 WL 283752, at *1 (W.D. Tenn. Jan. 3, 2018). Tennessee, however, is a deferral state and in deferral states plaintiffs must file their EEOC charges within three hundred days of the alleged discriminatory act. Id.

Shelby County argues that the allegations in paragraphs 9(m)-(ee) of Towns's amended complaint should be dismissed because they are untimely. (ECF No. 28-1.) Shelby County asserts that those allegations describe discrimination and retaliation that occurred more than three hundred days before Towns filed his EEOC Charge. (Id. at 3-4.) A plaintiff may allege events that occurred outside the three-hundred-day-period if he successfully invokes the "continuing violations" theory. "The continuing violations theory in Title VII cases generally provides that where there is 'an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the

- 7 -

limitations period.'"  Thompson v. Austin Peay State Univ., No. 3:11-cv-00177, 2012 WL 3682914, at *4 (M.D. Tenn. Aug. 24, 2012) (quoting Haithcock v. Frank, 958 F.2d 671, 677 (6th Cir. 2002)).

"Historically, there were two categories of continuing violations by which a plaintiff could avoid the applicable statute of limitations: (1) claims of serial violations; and (2) claims 'identified with a longstanding and demonstrable policy of discrimination" against a class.'"  Flottman v. Hickman Cty., No. 3-09-0770, 2010 WL 4054150, at *5 (M.D. Tenn. Oct. 14, 2010) (quoting Burzynski v. Cohen, 264 F.3d 611, 618 (6th Cir. 2001)). In Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002), the Supreme Court substantially limited the first category by holding "that the continuing violations doctrine does not apply to conduct outside of the statute of limitations when an employee alleges discrete acts of discrimination or retaliation."  Flottman, 2010 WL 4054150, at *5.  "The second category of continuing violations, involving a longstanding and demonstrable policy of discrimination, is not implicated by Morgan."  Sharpe v. Cureton, 319 F.3d 259, 268 (6th Cir. 2003). However, the second category's "exception is strictly construed and is satisfied only where the defendant has a known policy or rule supporting discrimination."  Austion v. City of Clarksville, 244 F. App'x 639, 647 (6th Cir. 2007).

In paragraphs 9(m)-(ee) of his amended complaint, Towns alleges several instances of sex and race discrimination and retaliation that occurred between July 2012 and December 2014. (ECF No. 19 at 4-5.)  For instance, in July of 2012, Towns asserts that Shelby County discriminated against him on the basis of sex when it gave his zone to a female employee and assigned him to a new zone. (Id. at 4 ¶ 9(m)-(n).)  Towns also alleges that he was threatened after internally reporting sex discrimination in February 2014. (Id. at 5 ¶ 9(w)-(x).) Finally, Towns alleges that in 2014 he was disciplined for approved FMLA use; however, his female co-worker was not disciplined for her FMLA use. (Id. at 5 ¶ 9(y)-(z).)  These events occurred more than three hundred days before November 9, 2015, which was the day Towns filed the EEOC Charge. (ECF No. 19-1.)  Therefore, the alleged discrimination and retaliation discussed in those paragraphs are untimely and barred by the statute of limitations, unless the continuing violations doctrine applies.  The court submits that the doctrine does not apply because, in those paragraphs, Towns alleges discrete acts of discrimination and retaliation that occurred between 2012 and 2014.  In addition, Towns has not sufficiently alleged that Shelby County engaged in a longstanding and demonstrable policy of discrimination against a class.  Therefore, it is recommended

that Shelby County's motion be granted to the extent it seeks dismissal of paragraphs 9(m)-(ee) of the amended complaint.

**B.   Title VII Discrimination and Retaliation**

"Title VII makes it unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." Singfield v. Akron Metro. Hous. Auth., 389 F.3d 555, 561 (6th Cir. 2004) (internal citation and quotation omitted). "Title VII [also] makes it unlawful 'for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.'" White v. Adena Health Sys., No. 2:17-cv-593, 2018 WL 3377087, at *3 (S.D. Ohio July 11, 2018) (quoting 42 U.S.C. § 2000e-3(a)).

"Title VII plaintiffs need not establish all elements of a *prima facie* case of discrimination to survive a motion to dismiss." Payne v. Lucite Int'l, No. 13-2948, 2014 WL 2826343, at *5 (W.D. Tenn. May 20, 2014) (Pham, M.J.), adopted by, 2014 WL 2826343, at *1-3 (W.D. Tenn. June 23, 2014) (Anderson, J.); see also Clemons v. City of Memphis, No. 16-cv-2333, 2016 WL

7471412, at *2 (W.D. Tenn. Dec. 28, 2016) ("Notably, for Title VII claims, the plaintiff is not required to establish a *prima facie* case to withstand a motion to dismiss for failure to state a claim."). "[S]o long as a complaint provides an adequate factual basis for a Title VII discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." Serrano v. Cintas Corp., 699 F.3d 884, 897 (6th Cir. 2012). "[A]lthough the complaint need not present 'detailed factual allegations, it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference,' that Defendant discriminated against Plaintiff with respect to an adverse employment event." Burse v. Nashville Cmty. Care at Bordeaux, No. 3:17-cv-1117, 2018 WL 2560400, at *5 (M.D. Tenn. June 4, 2018) (Brown, M.J.), adopted by, 2018 WL 3157019 (M.D. Tenn. June 28, 2018) (Campbell, J.) (quoting Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012)).

While a Title VII plaintiff need not establish a *prima facie* case at the motion to dismiss stage, courts have looked to the *prima facie* requirements when determining whether a Title VII plaintiff has pleaded an actionable claim. See McMahan v. Flour Int'l, No. 3:17-cv-1262, 2018 WL 4491133, at *3 n.3 (M.D. Tenn. Sept. 19, 2018) (utilizing the *prima facie* elements of Title VII claims when determining whether the plaintiff's claims

were actionable); Thomas v. Aaron's Inc., No. 1:18-cv-441, 2018 WL 3386446, at *2-3 (W.D. Mich. July 12, 2018) (same); see also White, 2018 WL 3377087, at *4, *6 (recognizing that a Title VII plaintiff need not establish all elements of a *prima facie* case at the motion to dismiss stage yet still looking to those elements when determining whether the plaintiff's complaint was well pleaded); S. Pointe Wholesale, Inc. v. Vilardi, No. 1:17-cv-00052, 2018 WL 922379, at *2–3 (W.D. Ky. Jan. 23, 2018) ("While the *prima facie* elements do not constitute a pleading standard, a plaintiff must allege specific facts necessary to show that they are entitled to relief against this legal backdrop.").

1. Sex Discrimination

Shelby County asserts that Towns fails to make out a claim for sex discrimination. (ECF No. 28-1 at 4.) Shelby County specifically argues that Towns has not pleaded an actionable sexual harassment claim based on a hostile work environment. (Id. at 4-6.) "In order to establish a hostile work environment claim, an employee must show the following: 1) the employee is a member of a protected class, 2) the employee was subject to unwelcomed sexual harassment, 3) the harassment was based on the employee's sex, 4) the harassment created a hostile work environment, and 5) the employer failed to take reasonable care to prevent and correct any sexually harassing behavior." Bowman

- 12 -

v. Shawnee State Univ., 220 F.3d 456, 462-63 (6th Cir. 2000). While it does not appear that Towns has brought a hostile work environment claim, to the extent he has attempted to do so, the court finds that Towns has not pleaded an actionable claim. "[T]o be actionable, harassment must be 'sufficiently severe or pervasive to alter the conditions of employment and create and abusive working environment.'" Ayala v. Summit Constructors, Inc., 788 F. Supp. 2d 703, 713 (M.D. Tenn. 2011) (quoting Ejikeme v. Violet, 307 F. App'x 944, 948 (6th Cir. 2009)). The allegations in Towns's amended complaint amount to, at most, merely offensive conduct and therefore fails to establish actionable harassment. See Bailey v. USF Holland, Inc., 526 F.3d 880, 886 (6th Cir. 2008) ("[M]erely offensive conduct does not establish a hostile work environment." (internal citation and quotation omitted)). In addition, Towns has not pleaded that he was harassed because of his sex or race.

To the extent Towns bring a claim for sex discrimination, the court likewise finds that he has failed to plead a plausible claim for relief. "To demonstrate a *prima facie* case of sex discrimination, a plaintiff must show that '(1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class, or a similarly situated non-protected employee was treated more

favorably.'" <u>Evans v. Walgreen Co.</u>, 813 F. Supp. 2d 897, 921 (W.D. Tenn. 2011) (quoting <u>Corell v. CSX Transp., Inc.</u>, 378 F. App'x 496, 501 (6th Cir. 2010)).  In his amended complaint, Towns alleges, at most, only one timely instance of sex discrimination.  He contends that on September 10, 2015, a female employee interrupted him during a meeting and when he told that employee not to interrupt him he was disciplined while she was not.  (ECF No. 19 at 6 ¶ 9(oo)-(qq).)  Towns does not further explain this vague allegation or describe how he was disciplined.  Construing Towns's sex discrimination claim in a light most favorable to him, the court concludes that Towns has not pleaded a plausible sex discrimination claim.  <u>See</u> <u>Keys</u>, 684 F.3d at 610 ("[A]lthough the Amended Complaint need not present detailed factual allegations, it must allege sufficient factual content from which a court, informed by its judicial experience and common sense, could draw the reasonable inference . . . that Humana discriminate[d] against [Keys]." (internal citation and quotation omitted)).  Accordingly, it is recommended that Shelby County's motion be granted to the extent it seeks dismissal of Towns's sex discrimination claim.

    2.   <u>Race Discrimination</u>

    In his amended complaint, Towns describes two instances of alleged race discrimination.  First, he alleges that his department, which is staffed by all African-American employees

and one white employee, is subjected to an ongoing quota of twenty-percent. (ECF No. 19 at 3 ¶ 9(i)-(j).) He further alleges that the department on the fourth floor, which is staffed by mostly white employees, has not been subjected to the twenty-percent quota.[2] (Id. at 4 ¶ 9(k)-(l).) Second, Towns alleges that in February 2015 his department's quota was increased, and the employees within his department also had to leave thirty minutes early to perform work whereas the fourth-floor employees did not have to leave early. (Id.) Shelby County argues that Towns "does not allege facts with sufficient specificity or clarity to make out a claim for race discrimination." (ECF No. 28-1 at 9.)

"To demonstrate a *prima facie* case of discrimination based on race, a plaintiff must show that: '(1) he or she was a member of a protected class; (2) he or she suffered an adverse employment action; (3) he or she was qualified for the position; and (4) he or she was replaced by someone outside the protected class or was treated differently than similarly-situated, non-protected employees.'" Evans, 813 F. Supp. 2d at 918 (quoting Wright v. Murray Guard, Inc., 455 F.3d 702, 707 (6th Cir. 2006)). The elements of a *prima facie* case of discrimination are helpful in determining what a plaintiff alleging race

---

[2] In the EEOC Charge, Towns identifies the department as being located on the fifth floor instead of the fourth floor. (ECF No. 19-1.)

discrimination must plead to satisfy Rule 8(a). McMahan, 2018 WL 4491133, at *3 n.3 ("The undersigned has not lost sight of the fact that a Title VII plaintiff is not required to make a *prima facie* showing of discrimination to defeat a 12(c) motion, and that she need only provide a 'short and plain' statement that sets forth a claim for relief. The undersigned refers to the required *prima facie* showing solely for the purpose of determining what the complaint ought to have alleged to satisfy Rule 8(a).") Towns, an African-American male, is a member of a protected class. The issue is therefore whether Towns has alleged that he suffered an adverse employment action.

"In the context of a Title VII discrimination claim, an adverse employment action is defined as a materially adverse change in the terms or conditions of employment." Laster v. City of Kalamazoo, 746 F.3d 714, 727 (6th Cir. 2014). "An adverse employment action 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" Id. (quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761 (1998)). Towns's allegations relate to a quota imposed on his department and the requirement that employees within his department leave thirty minutes early to perform work. He does not further explain these vague allegations. Even liberally

- 16 -

construing these allegations in Towns's favor, the court submits that Towns has not alleged any adverse employment action. Therefore, Towns has not pleaded an actionable race discrimination claim. Accordingly, it is recommended that Shelby County's motion be granted to the extent it seeks dismissal of Towns's race discrimination claim.

3. Retaliation

"To establish a *prima facie* case of retaliation under Title VII, Plaintiff must demonstrate that: '(1) he engaged in activity protected by Title VII; (2) his exercise of such protected activity was known by the defendant; (3) thereafter, the defendant took an action that was 'materially adverse' to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action.'" Laster, 746 F.3d at 730 (quoting Jones v. Johanns, 264 F. App'x 463, 466 (6th Cir. 2007)). "The causal connection element 'requires proof of so-called but-for causation, meaning that the plaintiff must furnish evidence that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer.'" Mcmahan, 2018 WL 4491133, at *5 (quoting Mys v. Mich. Dep't of State Police, 886 F.3d 591, 600 (6th Cir. 2018)). Shelby County argues that Towns's retaliation claim is not actionable because he fails to plead any materially

adverse action or a causal connection to a protected activity. (ECF No. 28-1 at 6-7.)

A plaintiff's "burden of establishing a materially adverse employment action is 'less onerous in the retaliation context than in the anti-discrimination context.'" Laster, 746 F.3d at 731 (quoting Michael v. Caterpillar Fin. Servs. Corp., 496 F.3d 584, 595-96 (6th Cir. 2007)). "In the context of Title VII retaliation claims, materially adverse acts are those that 'might well deter a reasonable employee from complaining about discrimination.'" Wilson v. K.T.G. (USA), Inc., No. 16-cv-2508, 2018 WL 4571604, at *9 (W.D. Tenn. Sept. 24, 2018) (quoting Laster, 746 F.3d at 731)). Towns alleges that he was retaliated against for filing a previous EEOC charge and for internally reporting instances of sex discrimination. (ECF No. 19 at 4 ¶ 9 (u), 7 ¶ 9(rr); ECF No. 19-1 at 2.) Towns generally pleads that he felt threatened and harassed after engaging in protected activity. Towns also alleges that he was selected for an audit, which he subsequently failed. (See ECF No. 19 at 7 ¶ 9 (tt)-(uu).) However, he does not indicate that Shelby County selected him for the audit and what, if any, consequences he suffered for failing the audit. The court concludes that Towns has not pleaded any timely act of retaliation that Shelby County took because he engaged in a protected activity. Accordingly,

it is recommended that Shelby County's motion be granted to the extent it seeks dismissal of Towns's retaliation claim.

**C.   Punitive Damages and Attorney's Fees**

    1.   Punitive Damages

Title VII plaintiffs "may recover punitive damages . . . against a respondent (other than a government, government agency or political subdivision)[.]"  42 U.S.C. §1981a(b)(1). "Accordingly, the courts in this circuit have concluded that punitive damages may not be recovered from a governmental entity."  Labarre v. Memphis Light, Gas and Water Div., No. 04-2401 B, 2006 WL 485086, at *1 (W.D. Tenn. Feb. 28, 2006) (citing Poe v. Memphis Light, Gas and Water Div., No. 98-5942, 1999 WL 1204694, at *3 (6th Cir. Nov.30, 1999)).  "Defendant Shelby County is a governmental entity and is, therefore, immune from punitive damages."  Triplett v. Shelby Cty. Gov't, 621 F. Supp.2d 576, 586 (W.D. Tenn. 2008).  Therefore, it is recommended that Shelby County's motion be granted to the extent it seeks dismissal of Towns's claim for punitive damages.

    2.   Attorney's Fees

"A *pro se* litigant who is not an attorney is not entitled to attorney's fees."  Cochran v. City of Norton, Nos. 95-3024, 95-3027 and 95-3163, 87 F.3d 1315 (table), 1996 WL 294471, at *2 (6th Cir. June 3, 1996) (citing Kay v. Ehrler, 499 U.S. 432, 435 (1991)); see also Lindsey v. Stroh's Brewery, No. 90-2765, 1993

WL 522112, at *1 n.3 (W.D. Tenn. Aug. 31, 1993) ("Stroh's also correctly asserts that because plaintiff appears *pro se*, he would not be entitled to attorney's fees should he prevail."). Towns is a *pro se* plaintiff and is therefore unable to recover attorney's fees if he prevails. Accordingly, it is recommended that Shelby County's motion be granted to the extent it seeks dismissal of Towns's claim for attorney's fees.

### III. RECOMMENDATION

For the reasons above, it is recommended that Shelby County's Motion for Judgment on the Pleadings be granted and that this case be dismissed.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 25, 2019
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**