# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ROY A. TOWNS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  No. 17-cv-2626 |
| | ) |
| MEMPHIS/SHELBY COUNTY | ) |
| HEALTH DEPARTMENT | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Before the Court is the Magistrate Judge's January 25, 2019 Report and Recommendation (the "Report"). (ECF No. 57.) The Report recommends that the Court grant Memphis/Shelby County Health Department's Motion for Judgment on the Pleadings. (Id. at 1083.)[1] Towns has not objected to the Report and the time do so has passed.

For the following reasons, the Report is ADOPTED. The action is DISMISSED.

## I. Background

On January 5, 2018, Towns filed his pro se Amended Complaint. (ECF No. 19.) The Amended Complaint alleges employment discrimination based on gender and race, and retaliation after

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964. (Id.)

The Report concludes that "Towns has not pleaded a plausible sex discrimination claim" (id. at 1096), "has not pleaded an actionable race discrimination claim" (id. at 1099), and "has not pleaded any timely act of retaliation that Shelby County took because he engaged in protected activity" (id. at 1100).

## II. Analysis

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to

review -- under a de novo or any other standard -- "any issue that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

Towns has not objected to the Report and the deadline to do so under Local Rule 72.1 has passed. See also 28 U.S.C. § 636(b)(1)(C). Adoption of the Report's recommendations is warranted. See Arn, 474 U.S. at 150-51.

### III. Conclusion

For the foregoing reasons, the Report is ADOPTED. The action is DISMISSED.

So ordered this 14th day of February, 2019.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE